[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant-appellant, Amanda McMillan, appeals from a judgment of the Franklin County Municipal Court ordering her to pay plaintiff-appellee, K-Beck Furniture Mart, Inc., $1,797.75 plus interest and costs.
 {¶ 2} This appeal arises out of a dispute over the purchase of several pieces of bedroom furniture. In August 2001, defendant, who then lived in Maryland, saw some bedroom furniture in a furniture store in Maryland made by the Ashley Company. However, because defendant planned to move to Columbus, Ohio in the near future, she did not purchase the furniture in Maryland, but inquired about locating a furniture store in the Columbus area that sold the Ashley brand. The Maryland store referred defendant directly to the Ashley Company, who referred her to K-Beck Furniture in Columbus.
 {¶ 3} While still in Maryland, defendant telephoned K-Beck and spoke to Nathan Katz, a corporate officer and the store manager of K-Beck. At trial, there was some dispute over exactly what transpired during this telephone conversation. According to Katz's testimony, plaintiff provided him with the item names and catalog numbers for eight pieces of bedroom furniture from the Ashley Millennium Collection. Katz told defendant that K-Beck did not stock the items that she wanted, but would order them from the factory for her. Defendant testified that she had no knowledge of the specific descriptions or item numbers, but merely told Katz that she wanted to purchase "the whole bedroom set" in the Ashley Millennium Collection. The purchase price for the furniture, which K-Beck ordered for defendant, including Ohio sales tax, was $1,797.75. Defendant paid for the furniture over the telephone with a credit card.
 {¶ 4} When plaintiff arrived in Columbus approximately three weeks later, she telephoned K-Beck and requested that the furniture she had purchased be delivered to her new residence. On September 12, 2001, K-Beck arrived at defendant's residence to deliver her furniture. During the course of moving the furniture into defendant's home, it was discovered that two pieces of the furniture were damaged and that an armoire was not included in the furniture being delivered. Defendant telephoned Katz to inquire about these issues. During the telephone conversation, Katz informed defendant that he would have the two damaged items replaced, but that defendant had not ordered an armoire, and one was not included in the items for which she had paid. At this point, defendant told Katz that she did not want any of the furniture. Katz told her that she had paid for it and had to take it. After the telephone call ended, defendant refused to allow the delivery crew to unload the balance of the furniture. Accordingly, the crew left, leaving the furniture they had already unloaded in defendant's bedroom and taking the remaining furniture with them. The next day, defendant again spoke to Katz by telephone, at which time she reaffirmed her refusal to accept delivery or pay for the furniture. Thereafter, defendant contacted her credit card company and had them remove the furniture transaction from her account. The furniture that had already been delivered to defendant remains in her home and the undelivered pieces, as well as the two replacement pieces, are stored in K-Beck's warehouse.
 {¶ 5} On January 25, 2002, K-Beck brought an action against defendant in the Franklin County Municipal Court to recover the contract price of the furniture purchased by defendant. On September 16, 2002, defendant submitted a letter to the trial court in which she explained her side of the story and argued that she had refused further delivery and payment because an armoire was not included in the purchase price as previously agreed.[1] On July 9, 2002, the trial court entered judgment for plaintiff in the amount of the agreed-upon purchase price of the furniture ordered by defendant. Defendant appeals therefrom assigning the following error:
 {¶ 6} "The Trial Court Erred In Granting Judgment To The Plaintiffs [sic] When The Evidence Is Undisputed That Some Of The Furniture Was Broken And There Is A Dispute Between The Buyer And The Seller As To What Was Actually Ordered."
 {¶ 7} Initially we note that defendant is correct in her assertion that a dispute exists over whether or not an armoire was to be included in the furniture she ordered. However, the trial court's judgment entry suggests that the trial court resolved this issue in K-Beck's favor, presumably choosing to believe Katz's trial testimony and disbelieve defendant's trial testimony, as it was entitled to do. State v. Nahhas, Trumbull App. No. 2001-T-0045, 2002-Ohio-3708, at ¶ 34. While defendant has not raised a manifest weight challenge to the trial court's apparent conclusion that an armoire was not included in the items originally ordered by defendant, our review of the record indicates that such a conclusion is amply supported by the evidence presented at trial.
 {¶ 8} Although defendant's assignment of error appears to raise an evidentiary challenge to the trial court's ruling, the only argument actually raised thereunder is a claim that due to the damage found on two pieces of the furniture, defendant was entitled to reject all of the furniture and rescind the contract pursuant to R.C. 1302.60.[2] We do not reach this issue, however, as defendant did not raise it before the trial court. See Grenga v. Smith (Mar. 15, 2002), Trumbull App. No. 2001-T-0040 (holding that an appellate court need not address issues not raised in the lower court).
 {¶ 9} Defendant's lone assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The trial court apparently treated defendant's letter as her answer.
[2] R.C. 1302.60 (U.C.C. 2-601) provides as follows:
 "Subject to the provisions of section 1302.70 of the Revised Code, and unless otherwise agreed under sections 1302.92 and 1302.93 of the Revised Code, if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may:
"(A) reject the whole; or
"(B) accept the whole; or
 "(C) accept any commercial unit or units and reject the rest."